UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MADELINE LEWIS                        CIVIL ACTION NO. 11-cv-1680

VERSUS                                JUDGE FOOTE

COMMISSIONER, SOCIAL SECURITY         MAGISTRATE JUDGE HORNSBY
ADMINISTRATION

**REPORT AND RECOMMENDATION**

**Introduction**

Madeline Lewis ("Plaintiff") applied for SSI and widow's benefits based on a claim that she became disabled on June 1, 2004.  An ALJ found that Plaintiff was disabled, but only as of June 22, 2009, and Plaintiff was awarded benefits commencing on that date. Plaintiff appealed to this court. The Commissioner responded with a Motion to Remand (Doc. 19) in which he admitted that one of Plaintiff's asserted errors has merit. He requested reversal and remand for further proceedings. Plaintiff objected and asked for an immediate award of benefits without any additional agency proceedings. For the reasons that follow, it is recommended that the Commissioner's motion be granted.

**Relevant Facts**

Plaintiff's health problems include diabetes, fibromyalgia, degenerative disc disease, asthma, and arthritis.  She has also been diagnosed with mental health limitations. An ALJ found that since the alleged onset of disability, June 1, 2004, Plaintiff had the residual functional capacity ("RFC") to perform light work, subject to some additional limitations

such as only the occasional ability to finger with her right hand.  He found, based on testimony from a vocational expert ("VE"), that a person with that ability could perform the demands of a job such as telephone solicitor or ticket taker.  He also found, however, that she could not perform the demands of any job after June 22, 2009, because of the existence after that date of mental or psychological limitations such as difficulty working with others, accepting criticism from supervisors, and working at a consistent pace.  The June 22, 2009 date coincided with the date of a consultative examiner's mental status report that found those limitations to exist.

Plaintiff was awarded benefits based on a disability onset of June 22, 2009, but she continued to pursue her claim based on an argument that she became disabled at an even earlier date and was entitled to payments for those months as well.  When Plaintiff's claim reached this court, she filed a brief and raised two assignments of error.  The first was that the ALJ was incorrect in finding that she could perform the demands of telephone solicitor (even before the mental limitations were considered) because the VE testified that a person who could not frequently finger with her right dominant hand could not perform the job.  She made a related argument that it was improper for the ALJ to look beyond the VE's testimony to support alternative jobs of telephone solicitor or ticket taker.  Plaintiff's second assignment of error was that the ALJ ran afoul of Social Security Ruling 83-20 when he fixed the date of onset of the mental limitations as coinciding with the date of the consultative examination report.  Plaintiff argued the ALJ was required to consult a medical expert for an opinion as to when those limitations actually began to exist and interfere with her ability to work.

The Commissioner responded with a Motion to Remand (Doc. 19) in which he conceded that the onset date was not assessed under the procedures required by the Ruling and Spellman v. Shalala, 1 F.3rd 357, 363 (5th Cir. 1993).  The Commissioner asked that the agency decision be reversed and that the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for additional proceedings and a new administrative decision.  Plaintiff objected that the record conclusively establishes that there are no jobs available that she can perform, making it appropriate for the court to make an immediate award of benefits.

**Analysis**

The Fifth Circuit in  Ferguson v. Schweiker, 641 F.2d 243, 250 n. 8 (5th Cir. Unit A 1981) held that where the Commissioner's findings were not supported by substantial evidence, but the record did not support a dispositive ruling for the claimant, the appropriate remedy was to remand for further proceedings. Judge Garza noted in his concurring opinion in McQueen v. Apfel, 168 F.3d 152 (5th Cir. 1999) that a court will remand with instruction to make an immediate award only if the record enables the court to determine "definitively" that the claimant is entitled to benefits.  Courts in this circuit have largely followed that approach and said that an immediate award is appropriate only if the claimant meets a very high burden of establishing disability without any doubt. See, e.g., Hall v. Astrue, 2012 WL 4167637, *8 (N.D. Tex. 2012).

When, for example, the ALJ's hypothetical question to a VE was found to not include all limitations, the proper remedy was remand for a determination based on a properly constructed hypothetical question, not an immediate award. Bordelon v. Barnhart, 161

Fed.Appx. 348, 352-53 (5th Cir. 2005). Similarly, a lack of factual findings about a mental impairment, as required by a regulation, merited remand but not an immediate award. Wells v. Barnhart, 127 Fed.Appx. 717 (5th Cir. 2005).

When a claimant establishes that the Commissioner's decision involved a legal error or was not supported by substantial evidence, the remedy in this court is almost always to reverse the decision and remand pursuant to sentence four for further proceedings.  The court might be tempted to try to shorten the process and enter a decision, but taking such action risks making a decision without a complete record and overlooking alternative legal issues or evidence that were not specifically raised before the court.  Plaintiff argues that this gives the agency an unfair second bite at the apple, but there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand.  See Social Security Law and Practice, § 55:74. Accordingly, both parties get a fair chance on remand to best develop the record and relevant arguments.

The ALJ decided this case at step five (other jobs the claimant can perform), but the VE's testimony at the hearing seems to have been limited to those few jobs (child monitor, telephone solicitor, and cashier) that Plaintiff had some experience with in the past (step four). The VE was asked if a person such as Plaintiff could "do past relevant work." Tr. 67. He was never asked if there were any other jobs Plaintiff could perform.  A VE usually attempts to identify two or three "representative jobs" for step five purposes if the claimant's limitations are believed to allow work. This hearing, for some reason, did not go that far.

The ALJ ultimately decided that Plaintiff had no past relevant work, within the meaning of the regulations for step four, but the ALJ looked to the VE's testimony about those same past jobs for purposes of examining at step five whether there were other jobs Plaintiff could perform. Tr. 20-21. It appears Plaintiff is correct that the VE's testimony at Tr. 72-73 would eliminate from consideration the telephone solicitor job.  But the testimony at the hearing with respect to jobs appears to have been limited to past jobs, and there is certainly no indication that the VE listed all jobs that he believed Plaintiff might perform given her RFC.

The agency should not be permitted to repeatedly seek remand in efforts to eventually identify a job the claimant can perform, but the court has never seen that to be the case. It is fairly unusual that the Commissioner confesses error and requests remand. Further proceedings will allow the Commissioner the opportunity to gather evidence and present evidence regarding other jobs that Plaintiff might be able to perform despite her limitations. If Plaintiff is correct that there are no other jobs she can perform given her RFC and other vocational factors, that fact should be capable of quick resolution on remand by written or oral hypothetical questions to a VE. For the court to decide that issue now would require engaging in speculation.

If there are jobs Plaintiff can perform despite her physical limitations, then there is also the issue of at what point in time her mental limitations rose to the level that they precluded all jobs.  The court is not able to definitively make that determination based on the record.  As Plaintiff argued on appeal, expert medical advice may be required to resolve that

issue.  It may be that the mental limitations existed from the original onset date, or they could have risen to that level sometime between the onset date claimed by Plaintiff and the date the consultative examiner documented the limitations. Considering all of these factors, the undersigned finds that it is the best exercise of this court's discretion is to remand for further proceedings rather than order an immediate award of benefits.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's Motion to Remand (Doc. 19) be granted, that the Commissioner's decision to deny benefits be reversed and, pursuant to sentence four of 42 U.S.C. § 405(g), this case be remanded for further proceedings before the Agency.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See Douglass

v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 19th day of November,

2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE